The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72701-1048
Dear Senator Malone:
You have requested an Attorney General opinion in response to the following question:
 Under the state planning statutes governing counties, must a county planning board hold a second public hearing, with due notice to the public, media and Quorum Court, if substantive changes are made in the proposed regulation or ordinance at the first public meeting/hearing?
It is my understanding that your question is based upon a scenario in which notice was given to the quorum court and to the public that a proposed ordinance would be discussed at a particular meeting. The notice also indicated a location where interested parties could obtain a copy of the proposed ordinance. It is my further understanding that the proposed ordinance was discussed and revised at the meeting, and was not changed after the meeting, but was forwarded on to the quorum court.
It is my opinion given the scenario you have described, a second public meeting would not be necessary. Generally, the question of whether a second meeting will be necessary will depend upon the wording of the notice that is provided to the public and to the quorum court.
This issue is governed by A.C.A. § 14-17-207, which is part of the set of statutes that govern county planning. That section states in pertinent part:
 (a) The county planning board, by majority vote of its entire membership, may recommend to the county quorum court the adoption, revision, or rescission of an official plan for the county or zoning, subdivision, setback, or entry control ordinances referred to as implementing ordinances in this subchapter.
 (b) Before the adoption or revision of an official plan or implementing ordinance, or parts thereof, the board shall hold at least one (1) public meeting thereon. The meeting may be adjourned from time to time. Prior to the meeting, the board chairman shall notify the court of the purpose and intent of the meeting in sufficient time to allow the justices to attend the meeting if they so desire. At the same time, the public shall be notified of the meeting through the local newspapers and other media.
A.C.A. § 14-17-207(a) and (b).
The above-quoted statutory sections clearly require that before adopting or revising a plan or ordinance, the planning board must hold at least one public meeting, and must notify the quorum court and the public of the meeting. It is my opinion that if the notice of the meeting is worded broadly enough to indicate that the discussion at the meeting of the proposed ordinance could entail making changes to the ordinance, a second meeting will not be necessary.
The reason for giving notice (as indicated by the language of Section (b), above) is to give the public and the quorum court sufficient information upon which to base a decision to (or not to) attend the meeting. For example, if (as in the scenario upon which your question is based) notice is published stating that a proposed ordinance is to be discussed, and makes reference to the availability of a copy of the proposed ordinance, it is my opinion that the notice would be sufficient to indicate to the public and to the quorum court that the discussion could entail making changes to the proposed ordinance. Such a notice would, in my opinion, contain sufficient information upon which the public and the quorum court could decide to (or not to) attend the meeting. They should easily surmise from such notice that changes to the proposed ordinance could result from the discussion that is held at the meeting. In that event, a second meeting would not be necessary.
However, if the notice is worded so narrowly as to preclude the possibility of changes to the proposed ordinance, and yet changes to the ordinance are made at the meeting, it is my opinion that a second meeting would be necessary. In that situation, the notice was not sufficient to apprise the public and the quorum court of what was to transpire at the meeting.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh